IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMALUDDIN ALMAHDI,<br><br>          Petitioner,<br><br>     v.<br><br>C. RABSATT, et al.,<br><br>          Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-6242 (JBS)<br><br>**OPINION** |

APPEARANCES:

Jamaluddin Almahdi, Petitioner Pro Se
# 14R0108
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, New York 13669

Oren Lee Zeve, Esq.
New York State Office of the Attorney General
120 Broadway, 25th Floor
New York, New York 10271
     Attorney for Respondent, C. Rabsatt

**SIMANDLE, Chief Judge:**

## I.    INTRODUCTION

This matter comes before the Court on Respondent C.

Rabsatt's ("Respondent") motion to transfer the Petition for

Writ of Habeas Corpus to the District Court for the Southern

District of New York ("Southern District"). (Docket Entry 15).

Pro se Petitioner Jamaluddin Almahdi ("Petitioner") opposes the

motion. (Docket Entry 16). The motion is being decided on the

papers pursuant to Fed. R. Civ. Pro. 78(b). For the reasons set

forth below, Respondent's motion is granted, and the petition shall be transferred to the Southern District.

## II.   BACKGROUND

Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the judgment of conviction entered against him by the Supreme Court of the State of New York. At the time of his initial filing, Petitioner was confined at FCI Fort Dix, New Jersey. (Docket Entry 1).[1]

After receiving an amended petition and supplemental pleadings from Petitioner (Docket Entries 2 and 3), this Court notified him of his rights pursuant to *United States v. Mason*, 208 F.3d 414 (3d Cir. 2000), and directed him to inform the Court within forty-five days as to how he wanted to proceed. (Docket Entry 4). The Court's order was returned as undeliverable due to Petitioner's release from the Bureau of Prisons' custody. (Docket Entry 5). This Court administratively terminated the petition pursuant to Local Civil Rule 10.1(a). (Docket Entry 6). Petitioner submitted a change of address on January 23, 2014, indicating he was now in the custody of the State of New York, (Docket Entry 7), and the Court reopened the matter. (Docket Entry 11).

---

[1] Petitioner was serving an unrelated federal sentence. (Docket Entry 1 at 6). Petitioner does not challenge his federal conviction or sentence in his petition.

Shortly thereafter, Petitioner filed a second amended petition for habeas corpus, naming the Attorney General of the State of New York and the warden of the Riverview Correctional Facility as Respondents. (Docket Entry 12). Petitioner raised ineffective assistance of counsel and Interstate Agreement on Detainers claims related to his New York state trial and conviction. On November 5, 2014, this Court ordered Respondent to submit an answer to the petition. (Docket Entry 13). Respondent filed this motion to change venue to the Southern District. (Docket Entry 15).

## III. DISCUSSION

Respondent asks this Court to transfer the petition to the Southern District, asserting both that this Court lacks territorial jurisdiction over the amended petition and that the Southern District is the better venue. Section 2241 provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). "The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the

3

application to the other district court for hearing and determination." *Ibid.* Petitioner's original petition was therefore properly filed in this district as he was then confined at FCI Fort Dix, New Jersey.

By the time he filed his second amended petition, Petitioner had finished serving his federal sentence and had been released into the custody of the State of New York in order to begin serving his state sentence. It is that sentence Petition now challenges. Generally when a habeas petitioner is transferred after his petition has been properly filed, "the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (citing *Ex Parte Endo*, 323 U.S. 283 (1944)). The threshold question is then whether there remains anyone within this Court's territorial jurisdiction to whom it could direct the writ. As Petitioner is confined within a New York state facility on a New York state charge, the Court concludes there is not.

Petitioner appears to object to the transfer on the grounds that a transfer is not required. "[T]he language of 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian." (Docket Entry 16 at 3). Relying on the Supreme Court's decision in *Braden v. 30th*

*Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973),

Petitioner asserts that "[s]o long as the custodian can be

reached by service of process, the court can issue a writ

'within its jurisdiction' requiring that the prisoner be brought

before the court for a hearing on his claim, or requiring that

he be released outright from custody." (Docket Entry 16 at 3).

The Supreme Court has explicitly rejected Petitioner's

interpretation of *Braden*, stating:

> [] *Braden* in no way authorizes district courts to employ
> long-arm statutes to gain jurisdiction over custodians
> who are outside of their territorial jurisdiction.
> Indeed, in stating its holding, *Braden* favorably cites
> *Schlanger v. Seamans*, 401 U.S. 487 (1971), a case
> squarely holding that the custodian's absence from the
> territorial jurisdiction of the district court is fatal
> to habeas jurisdiction. Thus, *Braden* does not derogate
> from the traditional district of confinement rule for
> core habeas petitions challenging present physical
> custody.

*Padilla*, 542 U.S. at 445 (internal citations omitted). In other

words, this Court cannot retain jurisdiction over the petition

unless there is someone remaining within New Jersey with the

authority to release Petitioner. *Cf. Endo*, 323 U.S. at 306

(holding district court retained jurisdiction after prisoner's

transfer "where a person in whose custody she is remains within

the district"). There is no such person, thus the Court does not

have habeas jurisdiction over the petition, warranting a

transfer to the Southern District. 28 U.S.C. § 1631.

5

Even if this Court retained jurisdiction over the petition, which it does not, a transfer of venue would be in the interests of justice as "the original action, conviction and sentence did not occur in New Jersey, and Petitioner is no longer detained in New Jersey." *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002); *see also* 28 U.S.C. § 2241(d).

> To determine which venue is proper in a habeas corpus petition, a court may analyze factors such as where the material events occurred, where the records and witnesses are located, and the convenience of forum for both parties. The district in which sentencing and conviction occurred is favored because of the availability of evidence and witnesses.

*Verissimo*, 204 F. Supp. 2d at 820 (citing *Braden,* 410 U.S. at 493-94; *Henderson v. I.N.S.,* 157 F.3d 106, 128 n.25 (2d Cir. 1998)).

The material events underlying this habeas petition, *i.e.*, the purportedly ineffective assistance of trial counsel, occurred within the confines of the Southern District. The records of Petitioner's criminal matter are in the New York County Supreme Court, and the witnesses, chiefly Petitioner's trial counsel, appear to be in New York as well. (Docket Entry 12 at 51). New York is more convenient to the parties as both Petitioner and Respondent are located in New York. The Southern District Court has personal jurisdiction over Petitioner and Respondents, *see Braden*, *supra*, subject matter jurisdiction under 28 U.S.C. § 2254, and proper venue pursuant to 28 U.S.C. §

2241(d). The Court is mindful of the deference owed to Petitioner's choice of forum, however that deference is outweighed by all of factors pointing towards New York being the better forum. 28 U.S.C. § 1404(a); *see also In re Nwanze*, 242 F.3d 521, 526 n.25 (3d Cir. 2001) (noting that "ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses").

Petitioner rightfully states the purpose of § 2254 is to provide a remedy whenever the state is keeping a prisoner in custody in violation of the Constitution or laws of the United States. (Docket Entry 16 at 3). As the "state" in question, New York is in the best position to make that determination. The Court therefore finds it is in the interests of justice to transfer the petition to the Southern District.  28 U.S.C. §§ 1404(a), 2241(d).

7

## IV. CONCLUSION

For the above stated reasons, Respondent's motion to transfer the petition to the District Court for the Southern District of New York is granted. An accompanying Order will be entered.


**September 22, 2015**          **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge

8